**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA YUAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>Defendants. | CV 10-1453-RSWL-SPx<br><br>**ORDER** re Plaintiff's Motion to Reinstate or Reopen Case [172] |

Currently before the Court is Plaintiff Lisa Yuan's ("Plaintiff") Motion to Reinstate or Reopen Case [172] ("Motion") pursuant to Federal Rules of Civil Procedure 60(a), 60(b)(3), and 60(b)(4). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND

### A. Factual Background

On February 26, 2010, *pro se* Plaintiff Lisa Yuan

initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. In the complaint, Plaintiff alleged that Defendants violated her civil rights in connection with their arrest and prosecution of her misdemeanor criminal charges.

The Court granted a stay of Plaintiff’s action until final resolution of the Los Angeles Superior Court case *People v. Lisa Yuan*, No. 8CA13868 (the “State Criminal Case”), in which Plaintiff was charged with the misdemeanor crimes. Plaintiff failed to appear as ordered in the State Criminal Case, and a bench warrant was issued for her arrest. Although Plaintiff was a fugitive in the State Criminal Case, she continued to file motions to vacate the bench warrant and dismiss the State Criminal Case, and baselessly represented to this Court that the State Criminal case was no longer pending.

On February 27, 2012, this Court *sua sponte* dismissed Plaintiff’s civil rights action under the Fugitive Disentitlement Doctrine and entered a judgment dismissing Plaintiff’s action without prejudice. Memorandum and Order Dismissing Action 2:10-13, ECF No. 120; Judgment, ECF No. 121.

The Ninth Circuit summarily denied Plaintiff’s appeal of the dismissal and judgment. See ECF Nos. 136, 138. On March 26, 2014, the Ninth Circuit denied all of Plaintiff’s claims for relief and again affirmed this Court’s judgment under the Fugitive Disentitlement

Doctrine. See ECF No. 165.

On March 15, 2016, Plaintiff filed the instant Motion under Federal Rules of Civil Procedure 60(a), 60(b)(3), and 60(b)(4). See Reply 7:22. Plaintiff argues that the judgment is void and the Clerk committed "blunders in execution" by not entering default as requested by Plaintiff on August 26, 2010 (ECF No. 62). Mot. 2:1-4. Plaintiff makes allegations of corruption, bribery, and fraud against the Court, and argues that "[t]he parties agree that this case defaulted and Declaratory Relief was entered and that plaintiff won this lawsuit." Id. at 3:4-15, 4:13-15. Plaintiff also argues that this Court should recuse itself from presiding over this action because the Court is "acting as a lawyer in the proceeding" and "is . . . likely to be a witness in the proceeding."[1] Reply 1:19-23.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). After an appeal has been docketed and while it is pending, the appellate

---

[1] Plaintiff's arguments that this Court should recuse itself are entirely unfounded. Plaintiff does not explain how the Court is "acting as a lawyer" or is "likely to be a witness" in the proceeding.

court must grant leave to correct such a mistake. Id.

Under Federal Rule of Civil Procedure 60(b), a party may move to set aside a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or exusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

**B. Discussion**

1. Rule 60(a)

Plaintiff fails to show a "clerical mistake" in the record. At the time of Plaintiff's Motion for Entry of Default on August 26, 2010, several motions were

pending before the Court, including several motions by Plaintiff, and a motion to stay the action and motion to dismiss filed by Defendants. See ECF Nos. 6, 41, 44, 46, 62. On September 10, 2010, the Court dismissed Defendant Judge Kerlin from the action and granted a stay as to all remaining parties until final resolution of the State Criminal Case. Order, ECF No. 80. Before the stay was lifted, this Court dismissed Plaintiff's action *sua sponte* pursuant to the Fugitive Disentitlement Doctrine. See ECF Nos. 120, 121. The Ninth Circuit affirmed this Court's judgment and dismissal of Plaintiff's action. See ECF Nos. 136, 138, 165.

Plaintiff's request for default in this action was not proper, and therefore, the Clerk did not make a "clerical mistake" by not entering default against Defendants.[2] Accordingly, Plaintiff's claim for relief under Rule 60(a) is unfounded.

2. Rule 60(b)(3)

Plaintiff's Motion pursuant to Rule 60(b)(3) to set aside the judgment on grounds of fraud was brought more than four years after the judgment was entered on February 27, 2012. Accordingly, Plaintiff is time-

[2] Plaintiff's Motion and Reply also do not provide any evidence of the alleged "declaratory relief" in favor of Plaintiff that Plaintiff claims the Clerk deleted and concealed. Plaintiff's Exhibit A attached to her Reply does not provide support for this claim. Plaintiff also provides no factual support for her argument that Defendants "agreed to pay a claim."

barred from making a motion under Rule 60(b)(3). See Fed. R. Civ. P. 60(c).

In any case, "[i]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b), . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." United States v. Standard Oil Co. of Ca., 73 F.R.D. 612, 614-15 (N.D. Cal. 1977), award of sanctions reversed, 603 F.2d 100 (9th Cir. 1979). "Such fraud should . . . embrace only that species of fraud which does or attempts to defile the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication. [. . .] The Ninth Circuit . . . has stated that the phrase 'fraud on the court' should be read narrowly, in the interests of preserving the finality of judgments, which is an important legal and social interest." Id.; see also Auto-Shade, Inc. v. Levy, No. CV 93-148-WMB, 1993 WL 580511, at *2 (C.D. Cal. June 16, 1993). To warrant relief under Rule 60(b)(3), the moving party must establish fraud by clear and convincing evidence. Standard Oil, 73 F.R.D. at 615.

Plaintiff's claims of fraud, corruption, and bribery upon the court are entirely unsupported by any specific facts or evidence. Accordingly, Plaintiff fails to meet her burden to establish fraud on the

court, and Plaintiff is not entitled to relief under Rule 60(b)(3).

3. Rule 60(b)(4)

Plaintiff fails to demonstrate why she waited more than four years to seek to set aside the judgment, and Plaintiff's Motion pursuant to Rule 60(b)(4) is time-barred, as Plaintiff failed to bring the Motion within a "reasonable" time.

In any case, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). Relief under Rule 60(b)(4) on grounds that a judgment is void because of a jurisdictional defect is reserved only for the exceptional case in which the court that rendered that judgment lacked even an "arguable basis" for jurisdiction. Id.

This case presents no jurisdictional error or deprivation of Plaintiff's right to notice or the opportunity to be heard. Plaintiff does not offer any evidence or legal authority to demonstrate that the judgment against her is void.[3]

[3] This Court had jurisdiction over the parties and Plaintiff's case when it dismissed Plaintiff's case. As noted above, Plaintiff's request for default was not proper, and the Court did not enter default against Defendants. In addition, Plaintiff's argument that "[t]he government violated plaintiff's

## III. CONCLUSION

Plaintiff's Motion [172] is entirely unsupported in fact or in law, and the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

DATED: May 25, 2016 s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

rights to due process under the Fifth [Amendment] to the U.S. [C]onstitution with no notice and no hearing" is equally without merit. Before this Court dismissed Plaintiff's case, Defendants provided evidence establishing the details of Plaintiff's fugitive status. Rather than appearing in the State Criminal Case, Plaintiff filed a motion to vacate the bench warrant for her arrest and terminate that case. Plaintiff's motion was heard and denied, and the bench warrant remained pending. This Court held that it would be inequitable to allow Plaintiff to pursue her civil claims in this Court, and the Ninth Circuit affirmed.